Peter J. BRENNAN, Secretary of
Labor, Petitioner,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION and
J. W. Bounds (Pearl Steel Erection
Company), Respondents.

No. 73-1558

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1973.

Walter H. Fleischer, Asst. Chief, Appellate Section, Stanton R. Koppel, Civil Div., Dept. of Justice, Washington, D. C., Ronald A. Fonseca, Asst. U. S. Atty., New Orleans, La., for petitioner.

J. Hal Ross, Brandon, Miss., for Bounds.

William S. McLaughlin, Exec. Sec., Occupational Safety & Health Review Commission, Washington, D. C., for Commission.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Pursuant to 29 U.S.C. § 660(b), the Secretary of Labor invokes this Court's review of a final order of the Occupational Safety and Health Review Commission which found that the respondent company below had not violated the regulation promulgated in 29 C.F.R. 1926.-105(a). We affirm.

In June 1972, the Department of Labor sent a safety and health compliance officer to inspect the site where respondent Bounds' company was engaged in construction work on the St. Dominic Hospital addition in Jackson, Mississippi.[1] As a result of the inspec-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. Such inspections are authorized by 29 U.S.C. § 657(a)(1) and (2):

(a) In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, op-

erator, or agent in charge, is authorized—

(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

(2) to inspect and investigate during regular working hours and at other reasonable

tion, the respondent company was cited for an alleged violation of 29 C.F.R. 1926.105(a) by the company's "failure to provide safety nets, safety belts and safety lines, or other protective devices for employees on workplaces more than 25 feet above ground or other surfaces." The regulation allegedly violated reads as follows:

> Safety nets shall be provided when workplaces are more than 25 feet above the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts are [sic] impractical.

The inspecting officer based his allegations on the conditions in which a welder and a hoist operator were working. Both employees were working at heights estimated at 40 or 50 feet, and conceded therefore to be above 25 feet. The welder was working on a mobile scaffold near the edge of the structure. There was conflicting testimony as to whether there was anything used to prevent the scaffold from falling off the edge. The hoist operator was working on the roof. Although he did not have a safety belt or line, a rope attached to the hoist was tied around his waist. The gist of the Secretary's complaint is that both employees "were essentially unprotected from falls of 40–50 feet, . . . ."

The order of the Commission found as follows:

> The respondent was not in violation of 29 CFR 1926.105(a) in that while respondent's employees were working more than 25 feet above the ground, such work was being performed by utilizing a scaffold and on floors of the building under construction and accordingly, safety nets were not required.

The Commission also said:

> The essence of this case seems to center upon a fact overlooked by the

complainant. The cited standard clearly contemplates that if scaffolds or temporary floors were practical then a safety net was not necessary. Both employees were working on not temporary floors but on unfinished floors which can be construed as permanent flooring. Furthermore, the welder was working on a scaffold. Therefore, it must be concluded that since one of the employees was utilizing a scaffold and that both employees were working on floors, the cited standard is inappropriate to the factual situation and consequently, the respondent cannot be held in violation of the Occupational Safety and Health Act of 1970.

The Secretary addresses this point to the Commission's findings: "In referring to scaffolds and temporary floors the regulation obviously contemplates ones which serve the function of preventing falls, . . . ."

It is manifest throughout the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678, that the purpose of the Act is to protect the health and safety of workers and to improve physical working conditions. *See especially* 29 U.S.C. § 651; *see also* 1970 U.S.Code Cong. and Adm.News 5177 for the legislative history. The difficulty in the present case arises from the use in regulation 1926.-105(a) of the imprecise term "impractical." We read the Commission's interpretation of the regulation as equivalent to finding that if ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts are used, then a safety net is not required by 1926.105. The term "impractical" is simply not precise enough to be synonymous either with absence of use of the other devices or with ineffective use of them. The respondent company below used scaffolds and temporary or permanent floors, yet some of the employees were allegedly exposed to the risk of falling. The Secretary asserts that "It should further be

---

times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equip-

ment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

pointed out that the Secretary of Labor promulgated the regulation at issue here, . . . ." The fault lies in the wording of the regulation. We agree with the Commission that the conduct complained of is not prohibited by or in violation of 29 C.F.R. 1926.105(a).

We decline the invitation of the Commission to resolve at this time the conflict between the Secretary of Labor and the Commission as to their respective rights, powers, duties, and responsibilities, *see* Brennan v. Occupational Safety and Health Review Commission and Brent Towing Co., Inc., 5 Cir., 1973, 481 F.2d 619, since such a determination is not necessary to our decision herein.

Affirmed.