**Peter J. BRENNAN, Secretary of Labor, Petitioner,**

v.

**SOUTHERN CONTRACTORS SERVICE and Occupational Safety and Health Review Commission, Respondents.**

**No. 73-2682**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 12, 1974.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

facts alleged in the complaint. This regulation provides as follows:

"(a) Safety nets shall be provided when workplaces are moré than 25 feet above the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical."

It is solely upon an interpretation of the language employed therein that the disposition of this appeal is contingent. The Commission maintains that where the use of one of the safety devices listed in this regulation is practical, then resort to safety nets is not required even though the practical device is not in fact utilized by the employer.[2] Concluding that this construction is infirm, we reverse.

Walter H. Fleischer, Stanton R. Koppel, Stephen F. Eilperin, U. S. Dept. of Justice, Washington, D. C., for petitioner.

Allen H. Sachel, Sp. Counsel, William McLaughlin, Executive Sec., Occ. Safety & Health Review Comm., Washington, D. C., for respondents.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

Pursuant to 29 U.S.C. § 660(b),[1] the Secretary of Labor appeals from a final order of the Occupational Safety & Health Review Commission (the Commission) which found that regulation 29 C.F.R. 1926.105(a) (1973), under which Southern Contractors Service Company (Southern) had been charged with a serious violation, was inapplicable to the

## I

The Occupational Safety & Health Act of 1970, 29 U.S.C. § 651 et seq. (1970), was enacted to provide "so far as possible every working man and woman in the Nation safe and healthful working conditions. . . ." 29 U.S.C. § 651. To effectuate this benevolent purpose, Congress authorized the Secretary of Labor, charged with enforcing the Act, to "set mandatory occupational safety and health standards. . . ." 29 U. S.C. § 651(b)(3). Employer noncompliance with the standards promulgated by the Secretary may result in the issuance of citations and the imposition of fiscal penalties. *See* 29 U.S.C. §§ 658(a), 659(a), 666.

The facts which gave rise to the sanctions imposed by the Secretary and subsequently vacated by the Commission are uncontroverted. Southern was engaged in disassembling the structural steel members of a missile launching tower at

---

1. 29 U.S.C. § 660(b) (Supp.1972–73):
   "(b) The Secretary may also obtain review or enforcement of any final order of the Commission by filing a petition for such relief in the United States court of appeals for the circuit in which the alleged violation occurred or in which the employer has its principal office . . . ."

2. We regret that neither the Commission nor Southern has availed itself of the opportunity to file a responsive brief, despite requests by this court to do so. Pursuant to F.R.A.P. 31(c), we are authorized to decide the issues presented without the benefit of oral argument.

Launch Complex 34, Cape Kennedy Air Force Station, Cape Kennedy, Florida. Although its employees were required to work at various heights on the 300 foot structure, Southern failed to utilize any of the safety measures prescribed by 29 C.F.R. 1926.105(a). The tragic death of Darrell Ramsey, a Southern employee who fell from an exposed beam on the launching tower, brought Southern's dereliction to the attention of the Secretary of Labor.[3] An inspection [4] of the missile launching tower by a compliance officer of the Occupational Safety & Health Administration confirmed the allegations of Southern's noncompliance with 29 C.F.R. 1926.105(a) and inexorably led to the issuance of a citation for a serious violation of the Act [5] and the imposition of a $500 penalty.

Pursuant to section 659(a), Southern sought review of the Secretary's decision to impose these sanctions. At the proceedings conducted before the Administrative Law Judge, a safety specialist with the Air Force testified, at the behest of the Secretary, that in a dismantling operation such as the one conducted at Launch Complex 34 only safety belts with lanyards could properly protect workers while at the same time afford them the mobility required. Such safety belts, he claimed, would have been the practical safety equipment to utilize. The Administrative Law Judge ascribed paramount significance to this testimony, but much to the Secretary's chagrin, seized upon it as the ra-

tionale for retracting not countenancing the sanctions imposed by the Secretary. His reasoning was as follows:

"The regulation in issue requires safety nets 'where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical.' *In other words, safety nets are required only if one of the other safety devices is impractical. The Secretary's expert witness testified that a safety belt with a lanyard would have been the practical and desired type of safety equipment to have been worn by employees at the time of the accident. As safety belts are one of the itemized types of equipment that, if practical, eliminates the requirement of safety nets, Respondent was not in violation of the regulation relied upon by the Secretary."* (emphasis added)

On appeal, the Commission concurred in the gloss placed on the regulation at issue by the Administrative Law Judge.[6]

## II

This case presents a novel issue to this court. In Brennan v. Occupational Safety & Health Review Commission & J. W. Bounds, 488 F.2d 337 (5th Cir. 1973), a panel of this court was confronted with the related but nevertheless distinct issue of whether an employer who utilizes one of the safety devices enumerated in the regulation is amenable to sanctions for failing to employ a more effective device. Acknowledging

---

3. Southern was also cited and penalized $200.00 for failing to report Ramsey's death to the Occupational Safety & Health Administration within the prescribed period. It did not contest this penalty.

4. Such inspections are authorized by 29 U.S.C. § 657(a)(1) & (2) (1972–73 Supp.).

5. 29 U.S.C. § 666(j) provides that:
"A serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations or processes which have been adopted or are in use, in such place of employment

unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

6. The Commission has adhered to this view in two other cases presented before it. *See* Secretary v. Drake-Willamette Joint Ventures, OSHRC No. 117, 2 CCH Safety & Health Guide Para. 15,655 (April 18, 1973) : Secretary v. Verne-Woodrow Co., OSHRC No. 1607, 2 CCH Para. 16,271 (July 13, 1973), petition for review filed, No. 73–3134 (5th Cir., Dec. 19, 1973). In Secretary v. Verne-Woodrow Co., *supra*, however, Commissioner Cleary registered a strong dissent grounded upon reasoning similar to that announced in this opinion.

the ambiguity inherent in the term "impractical", the court declined to adopt the salutary interpretation of 29 C.F.R. 1926.105(a) pressed upon it by the Secretary. Significantly, however, it assumed that the Commission interpreted the regulation "as equivalent to finding that if ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts *are used*, then a safety net is not required by 1926.105." (emphasis added). Brennan v. Occupational Safety & Health Review Commission and J. W. Bounds, *supra* at 338. Thus, while rejecting the Secretary's broad construction, the panel assumed that the regulation did serve some ameliorative purpose. In the instant case, the Commission seeks to disabuse this court of the aforementioned assumption.

■ Although agreeing with the panel in Brennan v. Occupational Safety & Health Review Commission and J. W. Bounds, *supra*, that the term "impractical" is ambiguous, we are constrained to hold that the Commission's tortuous construction of the regulation cannot be sustained. Since, as was noted earlier, the Secretary is authorized to promulgate regulations, his interpretation is entitled to great weight. *See* Griggs v. Duke Power Co., 401 U.S. 424, 433–434, 91 S.Ct. 849, 854, 28 L.Ed.2d 158, 165 (1971); United States v. Chicago, 400 U.S. 8, 10, 91 S.Ct. 18, 20, 27 L.Ed.2d 9, 12–13 (1970); Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700, 1702 (1945). We have held that the promulgator's interpretation is controlling as long as it is one of several reasonable interpretations, although it may not appear as reasonable as some other. Roy Bryant Cattle Co. v. United States, 463 F.2d 418, 420 (5th Cir. 1972). *See also* Board of Directors & Officers, Forbes Federal Credit Union v. National Credit Union Administration, 477 F.2d 777, 784 (10th Cir. 1973). In view of the salutary purpose of the Occupational & Safety Health Act, we cannot conclude

that the ambiguity in the term "impractical" is so fatal as to warrant condemnation of the Secretary's interpretation of the regulation as unreasonable.

■ In contrast, the Commission's construction would eviscerate the import of the regulation and flout the purposes of the enabling legislation. The Occupational Safety & Health Act was designed to protect the health and safety of workers and to improve physical working conditions on employment premises. *See* 29 U.S.C. § 651; 1970 U.S.Code Cong. & Admin.News p. 5177. Under the Commission's interpretation, an employer unsolicitous of the safety of his employees could dodge the Act's sanctions merely by adducing evidence that a device listed in 29 C.F.R. 1926.105(a) could have been practically utilized. And under this interpretation, the regulation rather than eliciting greater responsiveness on the part of employers would condone greater neglect.

### III

■ To reiterate, we hold that 29 C.F.R. 1926.105(a) must be read to require an employer to employ either a safety net or one of the other safety devices listed in the regulations, and hence that failure to use any of such devices is a proper predicate for the imposition of sanctions prescribed in the Occupational Safety & Health Act of 1970. The citation issued by the Secretary charged the following violation: "Failure to provide safety nets, safety belts or other appropriate protection for workers exposed to falls of more than 25 feet." Southern admittedly did not employ safety nets. Evidence having established that it was, in fact, practical to use safety belts, Southern was in violation of the regulation. Accordingly, we reverse the Commission's order which found 29 C.F.R. 105(a) inapplicable to the facts alleged in the complaint lodged against Southern.

Reversed with directions to reinstate the citation issued by the Secretary.