**Peter J. BRENNAN, Secretary of U. S. Department of Labor, Petitioner,**

**v.**

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ron M. Fiegen, Inc., Respondents.**

**No. 74–1643.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1975.

Decided April 18, 1975.

Morton Hollander, Chief, Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for petitioner.

Robert L. O'Connor, Sioux Falls, S. D., for respondents.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

The petitioner, the Secretary of Labor, contends in this case that the Occupational Safety and Health Review Commission (Commission) misconstrued the Secretary's regulation requiring the use of nets or other safety devices to protect employees working at heights more than 25 feet above ground.[1] We deem the regulation ambiguous and uphold the Commission's interpretation of it as reasonable.

The record establishes that the respondent, Ron M. Fiegen, Inc. (Fiegen), served as a subcontractor for the steel components of a physical education building under construction on the South Dakota State University campus at Brookings, South Dakota. An employee of the Occupational Safety and Health Administration observed, while inspecting the building on April 20, 1972, three of Fiegen's employees working on the building's unfinished roof[2] some 65 feet above ground and two employees on an outrigger scaffold at the same level. The inspector issued Fiegen a citation on May 3, 1972, for his failure to provide "[s]afety nets or equivalent protective equipment * * * for employees working on outrigger scaffold and unguarded roof in excess of 25 feet above ground level * * *."

Fiegen contested the citation. In accordance with 29 U.S.C. § 659(c) (1970), an administrative law judge conducted a hearing and found that the five employees had been working on the roof and scaffolding without safety nets and thereby had been exposed to the danger of falling from them. He further found that "[i]t was not possible to tie off on top of the steel roof * * * [;] hence the use of ladders, scaffolds, catch platforms, temporary floors, safety lines or safety belts * * * [was] not practical." He assessed a penalty of $500 for this violation of § 1926.105(a). The Commission concluded that the employees had been working from a scaffold and temporary floor and reversed on the au-

---

1. The regulation reads in pertinent part:

 Safety nets shall be provided when workplaces are more than 25 feet above the ground or water surface, or other surfaces where the use of ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts is impractical. [29 C.F.R. § 1926.105(a) (1974).]

2. The roof sheeting was almost 80 percent completed on April 20, 1972.

thority of Brennan v. OSHRC and J. W. Bounds, 488 F.2d 337 (5th Cir. 1973) (per curiam), which it deemed indistinguishable from the instant case.[3]

In *J. W. Bounds,* a welder had been working on a mobile scaffold near the edge of a building under construction and a hoist operator had been working on the building's roof 40 to 50 feet above ground. The employer had not installed safety nets and neither employee wore a safety belt or line. In support of its conclusion that the employer was not in violation of § 1926.105(a) the court of appeals made the following observation:

> The difficulty in the present case arises from the use in regulation 1926.-105(a) of the imprecise term "impractical." We read the Commission's interpretation of the regulation as equivalent to finding that if ladders, scaffolds, catch platforms, temporary floors, safety lines, or safety belts are used, then a safety net is not required by 1926.105. The term "impractical" is simply not precise enough to be synonymous either with absence of use of the other devices or with ineffective use of them. The respondent company below used scaffolds and temporary or permanent floors, yet some of the employees were allegedly exposed to the risk of falling. The Secretary asserts ·that "It should further be pointed out that the Secretary of Labor promulgated the regulation at issue here . . . ." The fault lies in the wording of the regulation. We agree with the Commission that the conduct complained of is not prohibited by or in violation of 29 C.F.R. 1926.105(a). [488 F.2d at 338–39.]

In this litigation, the Secretary takes the position that the safety regulation, "[i]n referring to scaffolds and temporary floors[,] * * * contemplates ones which serve the function of preventing falls * * * [and] does not refer to the very surface from which there is danger of falling." Thus, in the Secretary's view, a scaffold or temporary floor which does not prevent falls does not relieve an employer of the duty to install a safety net.

 The testimony before the administrative law judge established that a worker falling from Fiegen's scaffolding or the roof of the building would probably sustain serious injury or death. Nonetheless, we agree with the Fifth Circuit that this regulation, as presently formulated, does not necessarily make illegal a failure to use safety nets where employees are working on a scaffold or temporary floor, regardless of the safety features of such a floor or scaffold.

Although the reading urged by the Secretary may be more consonant with Congress' general purpose in enacting the Occupational Safety and Health Act, *see* 29 U.S.C. § 651(b), than is the Commission's reading of the regulation, the Commission's reading is, nevertheless, a reasonable construction of the language used in the regulation. The reading urged by the Secretary finds support in the Act but not in the words of the regulation, which omits any reference to safety attributes for temporary floors or scaffolding.

 The Act calls upon us to review the determinations of the Commission. 29 U.S.C. § 660(a). The Secretary may recommend an interpretation of a regulation to the Commission, but his recommendation does not necessarily control the Commission's conclusion. Indeed, Congress has authorized the Secretary to petition for judicial review of adverse Commission rulings. 29 U.S.C. § 660(b). We thus must examine the reasonableness of the Commission's construction of the regulation. Brennan v. OSHRC and Gerosa, 491 F.2d 1340, 1344 (2d Cir. 1974) (dictum); *see also* Brennan v. Giles & Cotting, Inc., 504 F.2d 1255, 1267 (4th Cir. 1974).

While the Secretary may have intended the regulation to mean one thing, it is the Commission and not the Secretary

---

**3.** Commissioner Cleary, who concurred in part and dissented in part, distinguished *J. W. Bounds* because, in his view, the employee whose conduct was there in question had been working on a scaffold protected by a handrail.

which is charged with the final administrative adjudication of the Act. 29 U.S.C. § 659. Where the Secretary has failed, as he has here, to convey that meaning to those charged with construing the regulation and where the Commission has given the regulation an interpretation well within the plain meaning of its terms, we cannot say that the Commission's reading is unreasonable. *Cf.* Brennan v. Southern Contractors Service, 492 F.2d 498, 501 (5th Cir. 1974); Brennan v. OSHRC and Gerosa, *supra,* 491 F.2d at 1344–45. Simply stated, the Secretary has failed to advance any "weighty reasons" adequate to justify overruling the Commission's interpretation of this ambiguous regulation. Doe v. Department of Transportation, 412 F.2d 674, 678 (8th Cir. 1969).

■ Moreover, we decline to adopt the Secretary's interpretation of the regulation for reasons of due process. Where, as here, the interpretation derives little support from the language of the regulation, it would be fundamentally unfair to impose upon an employer civil penalties for its violation. To do so would subject him to liability without adequate warning that his conduct is prohibited. *See* Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822, 838–39 (1968), modified on other grounds, 138 U.S.App.D.C. 38, 425 F.2d 469, vacated on other grounds, 138 U.S.App.D.C. 41, 425 F.2d 472 (1969) (*en banc*); *cf.* Brennan v. OSHRC and Santa Fe Trail Transport Co., 505 F.2d 869, 872–73 (10th Cir. 1974).

We conclude that the Commission's interpretation of the regulation as presently worded is not unreasonable. We repeat the criticism of the Fifth Circuit.[4] If the Secretary desires by this regulation to achieve certain goals which he deems consistent with the purpose of the Occupational Safety and Health Act but which the wording of the regulation, as interpreted by the Commission, will not justify, he should amend or clarify it.

The order of the Commission is affirmed.

4. Brennan v. OSHRC and J. W. Bounds, 488 F.2d 337, 338–39 (1973).