**MORGAN AND CULPEPPER, INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Raymond J. Donovan, Secretary of Labor, Respondents.**

No. 81–4203.

United States Court of Appeals, Fifth Circuit.

May 27, 1982.

Daniel P. Self, Jr., Meridian, Miss., for petitioner.

Edward G. Hoban, Earl R. Ohman, Jr., OSHRC, John R. Bradley, John A. Bryson, U. S. Dept. of Labor, Washington, D. C., for respondents.

Before GEE, RUBIN and GARZA, Circuit Judges.

GARZA, Circuit Judge:

Liberal construction and easy amendment of pleadings are accepted procedure in an administrative law context. Administrative tribunals, as well as courts, have often heeded one commentator's advice that "[t]he most important characteristic about pleadings in the administrative process is their unimportance." 1 K. Davis, Administrative Law 523 (1958). Federal Rule of Civil Procedure 15(b) allows for amendment of pleadings not only after issues have been tried by express or implied consent, but also when such amendment will facilitate the presentation of the merits of the action and the objecting party fails to demonstrate prejudice.[1] As this Court recently noted in

---

1. The Federal Rules of Civil Procedure are made applicable to the proceedings of the Occupational Safety and Health Review Commission (OSHRC) by Rule 2(b) of the OSHRC's Rules of Procedure, 29 C.F.R. § 2002.2(b).

*Mineral Industries & Heavy Construction Group v. Occupational Safety and Health Review Commission,* 639 F.2d 1289 (5th Cir. 1981), "Rule 15(b) is designed to ensure that poor foresight on the part of scriveners is not converted into tunnelvision on the part of judges. The amendment process prevents 'technicalities' in pleading from impeding the just resolution of the merits of cases." *Id.* at 1292. The case we decide today involves the amendment of an Occupational Safety and Health Administration (OSHA) citation. The policy articulated above does require acceptance of this amendment. Our consideration of this case does not end there, however. Today, we must direct our attention to the procedure to be followed after an amendment is approved.

The OSHA citation which initiated the controversy between these parties, was issued on August 21, 1974, in Meridian, Mississippi. On that date, OSHA Compliance Officer Dennis Butler inspected the worksite of Morgan and Culpepper, Inc., a general contractor engaged in the construction of a theatre for the Meridian Little Theatre, a local civic group. The construction of the building had progressed to the stage where the walls of the building had been erected and portions of the roof support, i.e., bar joists connected by X-bracing, had been attached to the walls. The building in question is a one story structure approximately thirty feet high.

At the time of the compliance officer's inspection, no work was being performed. However, there were two men on the framework of the structure, approximately thirty feet above the stage area. One of these employees, the foreman, was standing on a twelve inch wide wall, while the other, a laborer, was sitting on two bar joists near the middle of the stage roof. The employees were stationed at these positions to hold bar joists and I-beams in place for, and otherwise assist, two employees who were welding steel beams to steel plates set in the concrete-block walls of the building. At the time of the inspection, the two employees were awaiting the completion of the welding of one beam.

A multi-tiered scaffold approximately twenty-five feet tall was available at the worksite, but was located between ten and thirty feet away from the men. Petitioner contends that the scaffold was not being used because there was no work going on. The corporation insists that it had been used earlier in the day when the workers needed it. Petitioner does not inform us why the two workers did not "need" the scaffold at the time of the inspection. It does contend that use of scaffolding created a dangerous situation when welding work was being performed. Petitioner argues that in the event one of the beams fell, it would destroy the scaffolding and throw the two men to the floor. This argument begs the question. In response, it is enough to point out that there was nothing available to protect the two men from a fall to the concrete floor below. Some fall protection must be provided in such cases; the inapplicability of one means of protection does not excuse the failure to provide a suitable substitute.

During the inspection, Compliance Officer Butler informed the president of Morgan and Culpepper, Inc., that the lack of fall protection for the two employees appeared to be in violation of the Occupational Safety and Health Act, and that safety nets, scaffolding, safety belts with lifelines or walk boards could have provided the protection mandated by law. A week later, the Secretary of Labor issued two citations to petitioner, only one of which is at issue here. The citation alleged a serious violation of the Act owing to the company's failure to comply with 29 C.F.R. § 1926.-750(b)(1)(ii). The citation described the violation as the "[f]ailure to protect employees more than thirty (30) feet above concrete floor while installing long span bar joist by installing either safety nets or any other appropriate safety equipment or methods. (Reference 1926.104 or 1926.105)." The Secretary ordered abatement within one day of receipt of the citation and proposed a penalty of five hundred dollars.

Petitioner timely contested the citation and proposed penalty pursuant to 29 U.S.C. § 659(a). Thereafter, the Secretary filed a formal complaint before the OSHRC. In its answer, the petitioner affirmatively defended on the grounds that ropes were provided to employees and that safety nets were impractical. On February 12, 1975, the matter came before an administrative law judge (ALJ) for a hearing. At the close of the Secretary's case-in-chief, the ALJ granted petitioner's motion to dismiss for failure to establish a prima facie violation of 29 C.F.R. § 1926.750(b)(1)(ii). The judge ruled that the Secretary had failed to prove that petitioner's employees were installing bar joists at the time of the inspection and that the evidence failed to show scaffolds were not used to provide fall protection. The Secretary successfully petitioned for review of this decision. On March 9, 1977, the OSHRC reversed and held that the Secretary did not have to show that petitioner's employees were actually installing bar joists. The Secretary's prima facie case was made by establishing that employees were working at a height of approximately thirty feet without any fall protection. The case was remanded to allow Morgan to present its defense.

A second hearing before the ALJ commenced on May 5, 1977. At the close of its case, petitioner moved to dismiss the citation because the cited standard applied only to "tiered buildings" and alternatively, that the company was in compliance because scaffolds were being used to provide fall protection. The Secretary opposed the motion by asserting that no fall protection at all was used and that both the complaint and the evidentiary hearing made it clear that not only § 1926.750(b)(1)(ii) but also § 1926.104 and § 1926.105 were at issue. This prompted the petitioner to move that all testimony relevant to any standard other than that originally cited be excluded. It is at this point that the Secretary sought to amend the citation to allege in the alternative a violation of 29 C.F.R. § 1926.105. The ALJ denied the motion to amend and vacated the citation.

■ Once again, the Secretary petitioned for review of the ALJ's decision, and once again the appeal was decided in his favor. By decision of March 31, 1981, the Commission reversed the ALJ, granted the Secretary's motion to amend and affirmed the citation as amended, assessing a penalty of five hundred dollars. The grant of the motion to amend the complaint was clearly proper in the instant case. Federal Rule of Civil Procedure 15(b) contemplates amendments in cases where relevant issues have been litigated. Respondent correctly asserts that the gravamen of the violation with which petitioner was charged, regardless of the standard under which the charge was brought, is the failure to provide any type of fall protection for employees who are working thirty feet above ground. Respondent convinced the OSHRC that since no fall protection of any kind was provided, a violation of either 1926.750(b)(1)(ii) or 1926.105(a) had been established.

■ Our approval of the Commission's action does not extend to the next portion of its analysis. While it is true that amendments to pleadings should be freely granted, it is just as certain that the company charged should be given an opportunity to fully respond to the new theories presented. In the instant case, the Commission was content with blithely stating that petitioner "had a fair chance to present its case on the merits and could provide no further evidence if the case were tried later on a different theory." OSHRC No. 9850 (1981), at 10–11. We deem improper the Commission's prejudgment of possible defenses which a company may assert. The Commission should remand cases in which amendment of pleadings is allowed so that the party cited will have a full opportunity to present its defenses to the altered charge. Where amendment of pleadings is permitted on the basis of the second half of Fed.R. Civ.P. 15(b), the Commission may not deny the petitioner the opportunity to present new defenses by stating the *ex parte* conclusion that all possible defenses are meritless. It is not the Commission's role to make such a judgment. The party cited

must be given an opportunity to meet the charge. As this Court pointed out in *Mineral Industries, supra,* "neither reliance on a 'course of liberality' nor recognition of the exigencies of effective agency operation can serve as subterfuge for the unfair or prejudicial application of Rule 15(b)."

While we set out a course of action to be followed by the Commission in the future, we refrain from ordering a remand here. Petitioner in the case at bar was specifically questioned by this Court about the prejudice which the failure to remand visited upon the corporation. In light of the fact that petitioner was given the opportunity to present any new defenses, it is possible for this Court to rule on the merits of the same. The violation for which petitioner was finally cited is simply a more general version of the original citation. The regulation initially listed, 29 C.F.R. § 1926.750(b)(1)(ii), applies only to structural steel erection while the other, 29 C.F.R. § 1926.105(a), applies to the construction industry generally. A number of the defenses applicable to the new citation were, in fact, raised by petitioner in its response to the original citation.

The first defense, that scaffolds were in use, is rejected because it is clear that at the time of the inspection, no fall protection was available. The fact that no work was being done at the time of the inspection would have provided little comfort to the two men had they fallen from their precarious perch. The next two defenses raised can be disposed with on the same ground. Petitioner alleges that the use of safety nets was impossible and that the use of safety belts and ropes created greater hazards. Both defenses evidence a misunderstanding of section 1926.105(a) that was resolved in *Brennan v. Southern Contractors Service,* 492 F.2d 498 (5th Cir. 1974). In *Brennan,* this Court held that 29 C.F.R. § 1926.105(a) "must be read to require an employer to employ either a safety net or one of the other safety devices listed in the regulations, and hence that failure to use any of such devices is a proper predicate

for the imposition of sanctions prescribed in the Occupational Safety & Health Act of 1970." *Id.* at 501. A successful defense cannot be made by arguing that the use of one of the listed precautions would not be advisable. The last defense raised by petitioner is that the violation was a rare occurrence. Although there is no rare occurrence defense, petitioner could make the argument that the noncompliance was occasioned by the unforseeable misconduct of its employees. The facts, however, provide no support for this conclusion, and we reject the notion that the existence of an unsafe condition for only a short duration is defensible for that reason.

Finding no merit in any of the defenses proffered by petitioner, we are constrained to affirm the result, though not the procedure, of the OSHRC.

AFFIRMED.