William E. BROCK, Secretary of Labor, Petitioner,

v.

SCHWARZ–JORDAN, INC., Respondent.

No. 84–4601.

United States Court of Appeals, Fifth Circuit.

Nov. 26, 1985.

Linton W. Hengerer, Washington, D.C., Elizabeth Woodruff, U.S. Dept. of Labor, Dominique Kirchner, Washington, D.C., for petitioner.

Maxwell, Bennett, Thomas & Feldman, Richard Gary Thomas, Dallas, Tex., for respondent.

Before WISDOM, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM.

Respondent, Schwarz-Jordan, Inc. (Schwarz-Jordan), a drywall contractor, contested a citation for violating 29 C.F.R. section 1926.451(e)(10), a regulation promulgated pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. section 651–678 (Act). An Occupational Safety and Health Administration (OSHA) administrative law judge found the company in serious violation of 29 C.F.R. section 1926.451(e)(10). Schwarz-Jordan petitioned for discretionary review by the Occupational Safety and Health Review Commission (Commission), which, by a two-one majority, reversed the administrative law judge's decision. Petitioner, the Secretary of Labor (Secretary), appeals that decision.

Facts

After a general schedule inspection of an office building construction site in Arlington, Texas, conducted pursuant to section 9(a) of the Act, an OSHA compliance officer cited Schwarz-Jordan, the drywall subcontractor, for a serious violation of 29 C.F.R. section 1926–451(a)(4), the general guardrail requirement for scaffolds.[1] The scaffold found in violation was a manually propelled mobile scaffold, five feet eight inches in height with a platform measuring two feet by seven feet, and was without guardrails, though it was fitted with holes for their installation. The scaffold was

---

1. The company was also cited for nonserious violations of 29 C.F.R. section 1926.25(a) (housekeeping), 29 C.F.R. section 1926.54(d) (lack of laser warning placard), 29 C.F.R. section 1926.401(a)(2) (lack of label identifying electric screwgun as double insulated) and 29 C.F.R. section 1926.451(a)(4) (standard guardrail requirement). The citation for nonserious violations of 29 C.F.R. sections 1926.451(a)(4) and 1926.25(a) was vacated by order of the administrative law judge. The nonserious viola- tion of 29 C.F.R. section 1926.54(d) was affirmed by the administrative law judge and subsequently affirmed by the Commission. The nonserious violation of 29 C.F.R. section 1926.-401(a)(2) was affirmed by the administrative law judge and subsequently affirmed by the Commission after being modified to a de minimus notice. None of the decisions regarding the citations for nonserious violations are at issue in this appeal.

located on the first floor of the building being constructed, near its side and next to the framework. The first floor was approximately ten and one-half feet above the ground on this side of the building. Accordingly, it was approximately sixteen feet from the scaffold platform to the ground. The scaffold was placed near a window opening which was approximately four feet high and eight feet wide. The employee using the scaffold was kneeling on its platform holding a screwgun in one hand and resting the other hand on a horizontal metal track approximately four feet above the scaffold platform.

Schwarz-Jordan contested the citation. Following a hearing, the administrative law judge stated that he was amending the citation, *sua sponte*,[2] to allege violation of 29 C.F.R. section 1926.451(e)(10), the specific standard for manually propelled mobile scaffolds. That regulation requires guardrails on such a scaffold which is "more than ten feet above the ground or floor."[3] Relying upon Commission precedent, *Julius Nasso Concrete Corp.*, O.S.H.Cas. (BNA) 1235 (Apr. 11, 1977), the administrative law judge held that the scaffold was more than ten feet above the ground or floor because the fall distance was greater than ten feet and affirmed the citation because Schwarz-Jordan's unguarded scaffold, as it was being used, exposed its employee to a fall of more than ten feet.

On review, by a two-one majority, the Commission reversed the administrative

law judge's decision. Though accepting his factual findings, the Commission rejected the interpretation of the phrase "more than ten feet above the ground or floor" in 29 C.F.R. section 1926.451(e)(10) as fall distance. The Commission stated that the interpretation of the same phrase in *Julius Nasso* had turned entirely on the interrelationship of 29 C.F.R. section 1926.451(o)(7) with section 1926.451(o)(1)[4] and therefore had no precedential value for this case which involves 29 C.F.R. section 1926.-451(e)(10) for which there is no analogous interrelationship. The Commission then overruled an earlier decision, *Automatic Sprinkler Corp.*, 7 O.S.H.Cas. (BNA) 1957 (Nov. 30, 1979), which had relied on *Julius Nasso* in interpreting the phrase "more than ten feet above ground or floor" in 29 C.F.R. section 1926.451(e)(10) as fall distance.

In the Commission's view here, "[a] manually propelled mobile scaffold has its base on the ground or floor, so the natural interpretation of 'above the ground or floor' would be the distance between the scaffold platform and the base of the scaffold." The Secretary appeals that decision.

### Discussion

*Standard of Review.*

When construing a statute or regulation, the courts show great deference to the interpretation of the officers or administrative bodies charged with its administration.

**2.** The Secretary had moved to amend its citation and complaint by changing the cited standard from 29 C.F.R. section 1926.451(a)(4) to 29 C.F.R. section 1926.451(e)(10). This motion was granted by the administrative law judge on May 3, 1982.

**3.** 29 C.F.R. section 1926(e)(10) provides as follows:

"(e) *Manually propelled mobile scaffolds* . . . .

"(10) *Guardrails* made of lumber, not less than 2 × 4 inches (or other material providing equivalent protection), approximately 42 inches high, with a midrail, of 1 × 6 inch lumber (or other material providing equivalent protection), and toeboards, shall be installed at all open sides and ends *on all scaffolds more that 10 feet above the ground or floor*. Toeboards shall be a minimum of 4

inches in height. Wire mesh shall be installed in accordance with paragraph (a)(6) of this section." (emphasis added).

**4.** In the *Julius Nasso* case, the Commission reasoned that, because section 1926.451(o)(1) separately requires that horse scaffolds shall not be more than ten feet in height, reading the "more than ten feet" measurement of section 1926.451(o)(7) for triggering horse scaffold guardrail requirements "as being the distance from a scaffold to its supporting base would render meaningless § 1926.451(o)(1). These two standards can only be reconciled by construing the ten-foot requirement of § 1926.451(o)(7) as contemplating a consideration of the distance of the fall, regardless of the height of the scaffold above its supporting base." *Julius Nasso, supra* at 1236.

*Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). The Occupational Safety and Health Act empowered the Secretary of Labor "to set mandatory occupational safety and health standards applicable to businesses affecting interstate commerce," 29 U.S.C. section 651(b)(3), and created the "Occupational Safety and Health Review Commission for carrying out adjudicatory functions" under the Act. *Id.* When there is a difference of interpretation between the Secretary and the Commission, several circuits have considered the deference due to the Secretary to be diminished and have given the Commission's decision substantial weight to be upheld if not unreasonable. *Marshall v. Anaconda Co.,* 596 F.2d 370, 374 (9th Cir. 1979); *Usery v. Hermitage Concrete Pipe Co.,* 584 F.2d 127, 132 (6th Cir.1978); *Marshall v. Western Electric, Inc.,* 565 F.2d 240, 244 (2d Cir.1977); *Brennan v. Occupational Safety and Health Review Commission,* 513 F.2d 713, 715 (8th Cir.1975). However, this Court has stated: "We have chosen to adopt a somewhat different approach to the respective roles of the Secretary and the Commission." *Marshall v. Southwestern Industrial Contractors and Riggers, Inc.,* 576 F.2d 42, 45 (5th Cir.1978). This Court has held that the *Secretary's* interpretation "is controlling as long as it is one of several reasonable interpretations, although it may not appear as reasonable as some other." *Brennan v. Southern Contractors Service,* 492 F.2d 498, 501 (5th Cir.1974); *Marshall v. Southwestern Industrial Contractors and Riggers, Inc.,* 576 F.2d at 44. This panel is, of course, bound by these prior decisions of this Court. The standard of review they mandate is determinative of our decision here.

*Reasonable Interpretation.*

The language at issue in this regulation is susceptible of two reasonable interpretations. The Commission's interpretation of the phrase as it is used in this scaffold regulation is that it refers to the distance between the scaffold platform and the floor or ground on which the scaffold rests, in other words, to the height of the scaffold itself. It is reasonable to assume, since this regulation is specifically addressed to *scaffolds,* that the regulation seeks to make scaffolds *as such* safe, while other regulations address situations in which employees are working at significant heights whether they are on a scaffold, temporary floor, beam, or any other part of the structure. The Commission also examined other guardrail requirements which use the phrase "more than ten feet above the ground or floor" in an effort to interpret the regulation within the context of the entire scaffold standard and found that the general guardrail provision, section 1926.-451(a)(4), uses the term "above the ground or floor" and "height" interchangeably. It requires guardrails on scaffolds "more than ten feet above the ground or floor" and also requires guardrails on narrow scaffolds four to ten feet "in height."[5]

The Commission states that employers attempting to familiarize themselves with their duties would conclude that whenever the standards refer to vertical distance they refer to the distance above the scaffold's base, and that to construe the standard otherwise would deprive employers of the fair notice that due process requires. On this point, the employer argues that the Secretary's interpretation would require the layman employer to use legal reasoning

---

**5.** The Commission also noted that "height is used throughout the section 1926.451 to refer not to the elevation of the scaffold but to the distance above its base." However, as the Secretary points out, these subsections generally address the structural integrity of the scaffolds themselves. *See* 29 C.F.R. section 1926.-451(b)(4) (securing of wood pole scaffolds greater than twenty-five feet in height); section 1926.451(e)(16) (wood pole scaffolds sixty feet or less in height must be constructed in accord with tables; those greater than sixty feet in height must be designed by engineer); section

1926.451(c)(4) (tube and coupler scaffolds shall be limited in height to those permitted in tables); section 1926.451(d)(9) (specifications for all frame scaffolds over 125 feet in height shall be designed by a registered professional engineer); section 1926.451(e)(7)(ii) (minimum dimension of base of manually propelled scaffolds when ready for rolling is at least one-half its height); section 1926.451(o)(1) (horse scaffolds shall not be constructed more than two tiers or ten feet in height); section 1926.-451(y)(4)(ii) (poles on pumpjack scaffolds not to exceed 30 feet in height).

by considering the purpose of the regulation to figure out what the phrase means in deciding when to attach guardrails. However, the Commission's decision may make the phrase more unclear and difficult for the employer to understand without performing legal analysis. The Commission has said that the phrase refers to fall distance in regulations regarding horse scaffolds because a separate subsection, which must be consulted to properly construe the phrase, requires that those particular scaffolds not exceed ten feet in height. When used in reference to manually propelled scaffolds, however, the same phrase means the distance from the base to the platform. This leaves unanswered the question of how an employer is to interpret the phrase in regulations referring to scaffolds which have no base and no separate subsection relating to height.

The Secretary argues that its interpretation of the phrase—that the critical distance in triggering the guardrail requirement of 29 C.F.R. section 1926.451(e)(10) is the potential distance an employee could fall—is reasonable and the most likely to effectuate the purpose of the regulation, which is to protect employees exposed to the hazard of falling more than ten feet from a scaffold platform.[6] "[S]afety legislation is to be liberally construed to effectuate the congressional purpose." *Whirlpool Corp. v. Marshall,* 445 U.S. 1, 13, 100 S.Ct. 883, 891, 63 L.Ed.2d 154 (1980). Such a construction would more clearly effectuate the ultimate purpose of the Act and the accompanying regulations, which is to protect employees from work related injuries, 29 U.S.C. section 651(b)(1); S.Rep. No. 1282, 91st Cong., 2d Sess. [1], *reprinted in* 1970 U.S.Code Cong. & Ad.News 5177. *See also Taylor Diving & Salvage v. Unit-*ed States Dept. of Labor, 599 F.2d 622, 625 (5th Cir.1979). The Secretary also points out that the requirement for guardrails on scaffolds "more than ten feet above the ground or floor," appears in numerous subsections of section 1926.451 regarding various types of scaffolds, including scaffolds which have no base[7] where the phrase could not refer to the distance between the base and the platform, making it reasonable to assume that the phrase refers to fall distance.

Under the rule of *Southern Contractors,* because the Secretary's interpretation is a reasonable interpretation and is entitled to great weight, it is dispositive of this case. We accordingly reverse with directions to reinstate the citation issued by the Secretary.

REVERSED.

---

**6.** This was the reasoning used by the Commission in *Automatic Sprinkler Corp., supra* at 1957–58, which it has now overruled. This reasoning was also one basis stated in *Julius Nasso* for interpreting the phrase to mean fall distance in section 1926.451(*o*)(7). However, in *Julius Nasso* only one Commissioner relied upon that reasoning in interpreting the phrase. One Commissioner dissented from the decision, and one Commissioner concurred in the decision only upon the basis of the interrelationship of sec-tions 1926.451(*o*)(7) and section 1926.451(*o*)(1). *Julius Nasso Concrete Corp., supra* at 1236.

**7.** *See* 29 C.F.R. section 1926.451(g)(5) (outrigger scaffolds); section 1926.451(h)(15) (masons' adjustable multiple-point suspension scaffolds); section 1926.451(j)(9) (stonesetters' adjustable multiple-point suspension scaffolds); section 1926.451(m)(6) (carpenters' bracket scaffolds); section 1926.451(r)(5) (interior hung scaffolds).