513 F.2d 553
 2 O.S.H. Cas.(BNA) 1668, 1974-1975 O.S.H.D. ( 19,465
 Peter J. BRENNAN, Secretary of the United States Department
of Labor, Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH COMMISSION and Kesler & Sons
Construction Company, Respondents.
 No. 74-1518.
 United States Court of Appeals,
Tenth Circuit.
 March 28, 1975.
 
 Carla A. Hills, Asst. Atty. Gen., and Stephen F. Eilperin and Judith S. Feigin, William J. Kilberg, Benjamin W. Mintz, Michael H. Levin, Marc R. Hillson, Attys., Dept. of Labor, on brief for petitioner.
 D. Richard Smith, Morgan, Scalley, Lunt & Kesler, Salt Lake City, Utah, on brief for respondent Kesler & Sons Const. Co.
 Before SETH, McWILLIAMS and BARRETT, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 This case arises under the Occupational Safety and Health Act of 1970 and requires interpretation of certain provisions of that Act. 29 U.S.C. § 651 et seq. The issue is whether the Secretary of Labor can order immediate abatement of a safety hazard and then reinspect in less than fifteen working days after the issuance of the citation calling for immediate abatement. The Occupational Safety and Health Review Commission held, in effect, that in connection with any citation issued by the Secretary there is under the Act a built-in "grace period" of fifteen working days, during which time there can be no reinspection.
 
 
 2
 The Secretary then filed a petition in this Court to review the order thus entered by the Commission. 29 U.S.C. § 660. Our study of the matter convinces us that the Commission's order is in error and that the interpretation which the Secretary would give the Act is the proper one.
 
 
 3
 At the outset it should be mentioned that the interpretation given a statute by the administrative agency charged with carrying out the mandate of the statute should be given great weight. Indeed, the interpretation given a statute by the administrative agency charged with its enforcement should be accepted by the courts, if such interpretation be a reasonable one. And this is true even though there may be another interpretation of the statute which is itself equally reasonable. Brennan v. Southern Contractors Service, 492 F.2d 498 (5th Cir. 1974), and Board of Directors and Officers, Forbes Federal Credit Union v. National Credit Union Administration, 477 F.2d 777 (10th Cir. 1973), cert. denied, 414 U.S. 924, 94 S.Ct. 233, 38 L.Ed.2d 158 (1973). Thus, in the instant case, the interpretation argued for by the Secretary should be accepted by us if it be a reasonable one. And we conclude that the interpretation argued for by the Secretary is indeed a reasonable one and in fact carries out the true intent of Congress. Before examining the facts of this case, let us first look at those sections of the Act which have bearing on the present problem.
 
 
 4
 29 U.S.C. § 658(a) authorizes the Secretary, after an inspection or investigation, to issue a citation to an employer who the Secretary believes has violated any standard, rule, or order promulgated pursuant to the provisions of the Act. That section of the Act also provides that the citation shall set a reasonable time for the abatement of the violations. § 658(a) reads in its entirety as follows:
 
 
 5
 "(a) If, upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654 of this title, of any standard, rule or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer. Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the chapter, standard, rule, regulation, or order alleged to have been violated. In addition, the citation shall fix a reasonable time for the abatement of the violation. The Secretary may prescribe procedures for the issuance of a notice in lieu of a citation with respect to de minimis violations which have no direct or immediate relationship to safety or health." (Emphasis added).
 
 
 6
 If the Secretary issues such a citation, 29 U.S.C. § 659(a) allows the employer fifteen working days within which to notify the Secretary that he intends to contest the citation, and if such notice be not given, then the citation becomes a nonreviewable final order. § 659(a) reads in its entirety as follows:
 
 
 7
 "(a) If, after an inspection or investigation the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency."
 
 
 8
 29 U.S.C. § 659(b) provides, in pertinent part, that where the Secretary has reason to believe that an employer has failed to correct a violation within the time limitation fixed in the citation, the Secretary shall notify the employer of such failure and the additional penalty to be assessed. The employer in such circumstance has fifteen working days within which to contest the Secretary's notification, or the notification and assessment become a final order of the Commission and not subject to review. § 659(b) reads in its entirety as follows:
 
 
 9
 "(b) If the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued within the period permitted for its correction (which period shall not begin to run until the entry of a final order by the Commission in the case of any review proceedings under this section initiated by the employer in good faith and not solely for delay or avoidance of penalties), the Secretary shall notify the employer by certified mail of such failure and of the penalty proposed to be assessed under section 666 of this title by reason of such failure, and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the Secretary's notification or the proposed assessment of penalty. If, within fifteen working days from the receipt of notification issued by the Secretary, the employer fails to notify the Secretary that he intends to contest the notification or proposed assessment of penalty, the notification and assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." (Emphasis added).
 
 
 10
 29 U.S.C. § 662 generally confers jurisdiction upon the United States district courts, upon petition of the Secretary, to restrain any hazardous employment condition of such an emergent nature as to require speedier action than is otherwise permitted by the citation procedure.
 
 
 11
 The foregoing constitute those sections of the Act which counsel believe have possible bearing on our disposition of this petition for review. Let us now examine events relating to the present controversy.
 
 
 12
 Kesler & Sons Construction Company was engaged in sewer construction work near Oakley, Utah. On November 4, 1971, a representative of the Secretary inspected the worksite where employees of Kesler were digging trenches and laying pipes. As a result of this inspection, the Secretary on November 12, 1971, issued Kesler a citation for noncompliance with certain safety standards. The citation ordered immediate abatement for all violations and assessed penalties totaling $75. Kesler did not contest this citation.
 
 
 13
 The citation alleged some seven violations of occupational safety standards. The first violation, and perhaps the most serious one, was the failure of Kesler to shore, sheet, brace, slope, or otherwise support the sides of trenches in unstable or soft material. The other violations concerned Kesler's failure to provide an adequate supply of potable water, to maintain toilet facilities, to post legible traffic signs in construction areas at points of hazard, to conspicuously post telephone numbers of doctors, hospitals and ambulances, to provide proper protective equipment for the employees' feet, and to post a notice advising employees of the protection and obligations provided by the Act.
 
 
 14
 On November 30, 1971, a representative of the Secretary reinspected the worksite and found that four of the violations contained in the earlier citation, including the failure to shore the trenches, had not been corrected. In addition, the earlier citation itself had not been posted at the worksite, as required by 29 C.F.R. § 1903.16. On December 3, 1971, the Secretary issued a notification of failure to correct and assessed additional penalties in the sum of $1339.
 
 
 15
 Kesler contested this notification of failure to correct and the penalty assessment. After hearing, the Administrative Law Judge found there was a failure to correct, but reduced the penalties to $1025. On review, the Commission by a 2-1 vote reversed the Judge and, as indicated, held that "in order to preserve this statutory right to the 15 working-day period, no abatement may be required and no reinspection may be conducted for the purpose of enforcing such abatement during this period." The Secretary then instituted the present proceeding, naming as respondents the Commission and Kesler & Sons.
 
 
 16
 Let us now reexamine the facts of the instant case within the framework of those sections of the Act set forth above.
 
 
 17
 When the Secretary's representative inspected the Kesler worksite on November 4, 1971, by statute he had to issue a citation, if he be inclined to cite, with "reasonable promptness" after such inspection. There is no contention here that the November 12, 1971, citation was not promptly issued.
 
 
 18
 The Act further provides that the citation shall fix a "reasonable time" within which the employer shall abate or correct the stated violation or violations. In the instant case the Secretary determined that the violations were of such a nature that there should be "immediate" abatement.
 
 
 19
 The fifteen working day period within which the Act allows the employer to file a notice of intent to contest expired for Kesler on December 7, 1971. Kesler did not file a notice of intent to contest the November 12 citation or the proposed penalties.
 
 
 20
 On November 30, 1971, the Secretary's representative reinspected the Kesler worksite, as provided for in § 659(b), and found that four of the violations set forth in the original citation had not been corrected. Then, on December 3, 1971, the Secretary notified Kesler of his failure to thus correct and of the proposed penalties for such failure. Kesler thereafter notified the Secretary on December 13, 1971, that he desired to contest such notification of failure to correct and the proposed penalties therefor.
 
 
 21
 In the hearing before the Administrative Law Judge the parties were primarily concerned with whether there had, in fact, been a failure to abate the safety violations, particularly the shoring of the trenches, and with the reasonableness of the proposed additional penalties. The Judge found that there had been a failure to thus correct, but reduced the proposed penalties to $1025.
 
 
 22
 The Commission in its review of the matter became concerned, apparently on its own motion, with whether there could be any reinspection within fifteen working days after the receipt of the citation. As indicated, the Commission, by a 2-1 vote, held that in connection with an order to abate there could be no reinspection until the expiration of the fifteen working day period within which the employer could contest the citation. In our view the Act is not subject to such interpretation.
 
 
 23
 The propriety of the Secretary's order calling for immediate abatement is not itself challenged in this case. Section 658(a) provides that a citation fix a "reasonable time" for abatement. Whether the time period within which a given violation must be corrected is "reasonable" suggests a degree of flexibility which necessarily depends upon many factors, not the least of which is the degree of danger to the employees thus exposed to the hazard in question. And the danger of trench cave-ins, for example, is not to be taken lightly. See United States v. Dye Construction Company, 510 F.2d 78 (10th Cir. 1975).
 
 
 24
 Kesler, while not disputing the Secretary's authority to order immediate abatement, adopts in this court the Commission's position that no reinspection is allowed within the fifteen working days following receipt of a citation. As a practical matter, if this be the proper interpretation of the Act, such would mean that Kesler would have fifteen working days to correct a condition calling for immediate abatement, even though he did not contest the citation. To us, the fact that an employer, such as Kesler, has fifteen working days to contest a citation does not in anywise mean or imply that an employer also has a fifteen-day grace period to correct a condition required to be immediately abated. The latter in our view does not flow from the former.
 
 
 25
 Of the several sections of the Act to which our attention has been directed, perhaps § 659(a) is most pertinent. That section begins by declaring that if the Secretary believes that an employer has failed to correct a violation within the period of time allowed, then the Secretary shall notify the employer of such failure to correct and the proposed penalty therefor. There is, then, no express time limitation in the statute concerning the Secretary's right to reinspect.
 
 
 26
 Additionally, the language appearing within the parentheses in § 659(b) states that the period of time permitted by the citation for abatement does not begin to run until the entry of a final order by the Commission if review proceedings are in good faith initiated by the employer. This particular language is to us most enlightening. We believe it is clearly implicit therein that if, as here, the employer does not initiate proceedings to review the citation calling for immediate abatement, then the period of time permitted for abatement begins to run from the date of the citation and does not await a final order of the Commission. It should be noted that if the employer does not contest a citation, as is true in the present case, then the citation itself is deemed the final order of the Commission.
 
 
 27
 It is argued that the Secretary's interpretation places the employer in an impossible position. We do not believe such to be the case, as is demonstrated by looking at this from Kesler's standpoint.
 
 
 28
 When Kesler was served with a citation calling for immediate abatement of the trench shoring violation, for example, he could do one of two things: (1) He could comply with the citation and abate the violation at once; or (2) he could decline to immediately abate and serve the Secretary with a notice of intent to contest the citation. If he had served such a notice to contest, the period of time within which he must abate would under the statute not have begun to run till the Commission filed its final order. Such in our view does not place Kesler, or any other employer, on the horns of any real dilemma.
 
 
 29
 It is true that in the situation where the period of time permitted for correction of the violation is less than fifteen working days, the employer will not have the entire fifteen-day period within which to decide whether to contest the violation. Such fact, however, cannot be controlling. For one thing, such would be at odds with that language in § 659(b) which clearly indicates to us that if the employer does not contest a citation, the period of time permitted to correct the violation begins to run from the date of the citation. And any such fifteen-day period of grace would be contrary to the avowed purpose of the Act, which is to insure to every working man and woman safe and healthful working conditions and to head off industrial accidents before they happen. 29 U.S.C. § 651. See also Brennan v. Occupational Safety and Health Review Comm'n, 505 F.2d 869 (10th Cir. 1974), and REA Express, Inc. v. Brennan, 495 F.2d 822 (2d Cir. 1974).
 
 
 30
 We are not impressed with Kesler's argument that 29 U.S.C. § 662 has bearing on the present problem. Section 662 provides that under certain circumstances United States district courts may restrain employment conditions or practices which create such an imminent danger of death or serious physical harm that such danger could not be eliminated through the Act's other enforcement procedures. This particular section, in our view, is designed to meet the situation in which, for example, immediate abatement is ordered, and the employer contests the citation. Then, if the danger be great and imminent, the Secretary may invoke the provisions of § 662 and go to court in an effort to get immediate corrective action. The fact that this route is available to the Secretary does not in our view indicate that it was the intent of Congress that immediate abatement could only be ordered by court action or that an employer who does not contest a citation calling for immediate abatement has a fifteen working day grace period before he must comply.
 
 
 31
 There is the definite suggestion in the Commission's order that unless there is some such grace period the Commission will be flooded with "protective" notices of intent to contest. The statute, of course, provides that a notice of intent to contest must be made in good faith, and nor for purposes of delay. In any event, such possibility is not itself grounds for creating a period of grace where none otherwise exists. We, like the Commission, must take the Act as we find it. The Act, considered as a whole, and particularly in light of the language in § 659(b), indicates that an order of immediate abatement means what it says, and that unless and until the employer files a notice of contest, he is expected to comply therewith. If Congress intended to preclude reinspection for failure to correct a violation for a period of fifteen working days after the issuance of the citation, it could have said so. But it did not and, in our view, clearly indicated a contrary intent.
 
 
 32
 The Commission's order is set aside and the matter remanded to the Commission for further proceedings consonant with the views herein expressed.