**John T. DUNLOP, Secretary of Labor, Petitioner,**

v.

**HAYBUSTER MANUFACTURING COMPANY and Occupational Safety and Health Review Commission, Respondents.**

**No. 75–1086.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 25, 1975.

Decided Oct. 20, 1975.

William J. Kilberg, Benjamin W. Mintz, Michael H. Levin and Marc R. Hillson, Dept. of Labor, Washington, D. C., for petitioner.

Herman Weiss, Jamestown, N. D., for respondent, Haybuster Mfg. Co.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

STEPHENSON, Circuit Judge.

This petition by the Secretary of Labor to review and set aside an order of the Occupational Safety and Health Review Commission requires interpretation of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq., with respect to certain enforcement provisions. The specific question presented is whether the Review Commission erred in holding that the Secretary can neither require abatement of prescribed safety hazards in less than 15 working days nor reinspect for nonabatement within that period. We hold that the Review Commission erred in so holding.

Haybuster Manufacturing Company is a corporation engaged in manufacturing farm equipment in Jamestown, North Dakota. On August 31, 1972, a compliance officer of the Occupational Safety and Health Administration conducted a routine inspection of Haybuster's plant. As a result of that inspection, a citation was issued on September 19, 1974, charging Haybuster with 13 violations of safety standards promulgated pursuant to OSHA.[1] A notice of a proposed penalty in the amount of $315 accompanied the citation.

Haybuster paid the penalty and did not file a contest within the 15 working days allowed for such challenges by section 10(a) of OSHA, 29 U.S.C. § 659(a). Accordingly, the validity of the citation of September 19, 1974, and the $315 penalty is not in issue. The present controversy, however, does arise out of four of the violations contained in the aforesaid citation: (1) failure to mount properly a portable fire extinguisher; (2) failure to provide a durable tag showing the recharge date of another fire extinguisher; (3) failure to cover properly live parts of a large punch press operating at over 50 volts; and (4) failure to ground a drill press, an oil pump, and two electrical outlets. The citation issued on September 19, 1974, allowed Haybuster until September 29, 1974, to abate the four violations enumerated above. On October 3, 1974, a reinspection was made which disclosed that those violations had not been corrected. Accordingly, on October 12, 1974, a new citation for nonabatement of those four violations was issued, along with a notice of a proposed additional penalty in the amount of $1,730 for the continuing violations during the period from September 29 to October 3, 1975.

Haybuster filed a timely contest to the citation and notice of proposed penalty of October 12, 1974, and the case was submitted on a joint stipulation of facts to the Administrative Law Judge, who reduced the penalty to $975 but otherwise upheld the nonabatement citation. Thereafter, Commissioner Moran directed review of the Administrative Law Judge's order by the full Occupational Safety and Health Review Commission. On December 6, 1974, the Commission, by a 2–1 margin, reversed the Judge's order and vacated the nonabatement notice and penalty based on its earlier decision in *Secretary v. Kesler and Sons Construction Co.,* 9 OSAHRC Reports 1033 (1974), *reversed sub nom., Brennan v. Occupational Safety and Health Commission,* 513 F.2d 553 (10th Cir. 1975). In *Secretary v. Kesler* the Commission had ruled that OSHA provides for a 15 working day grace period following receipt of a citation, during which abatement may not be required, and that any reinspection within that time and any additional penalties arising therefrom are without force and effect.

The Secretary of Labor filed a timely petition to review the Commission's order.[2] This court has jurisdiction pursu-

1. Section 6 of OSHA, 29 U.S.C. § 655, authorizes the Secretary of Labor to promulgate standards pursuant to the Act. Standards have been promulgated, and they are codified in 29 C.F.R. § 1910.

2. Respondents Haybuster and the Commissioner did not file briefs herein and advised the Clerk of their intent not to do so.

ant to section 11(b) of OSHA, 29 U.S.C. § 660(b).

The issue raised in this case is whether under OSHA the Secretary of Labor has the authority to require abatement of cited safety hazards within less than 15 working days from the date of receipt of the citation and may reinspect for nonabatement during that period where no timely contest to the original citation is filed. For reasons discussed *infra,* we hold that the Secretary has such authority, and therefore the Commission's order must be set aside.

■ We note at the outset that the issue posed is a question of law, and therefore this court is free to make an independent determination of the issue. *See Lewis v. Butz,* 512 F.2d 681, 683 (8th Cir. 1975); *American Smelting and Refining Co. v. Occupational Safety and Health Review Commission,* 501 F.2d 504, 508 (8th Cir. 1974).

■ The Act does not expressly resolve the question of the minimum time allowable for abatement where no contest to the original citation is filed. OSHA merely authorizes the Secretary of Labor to issue citations for violations of standards set pursuant to the Act and provides that "the citation shall fix a reasonable time for the abatement of the violation." 29 U.S.C. § 658(a). The statute further provides:

> If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty * * * the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

29 U.S.C. § 659(a). Finally, the Act states:

> If the Secretary has reason to believe that an employer has failed to correct a violation for which a citation has been issued within the period permitted for its correction (*which period shall not begin to run until the entry*

*of a final order by the Commission in the case of any review proceedings under this section initiated by the employer in good faith and not solely for delay or avoidance of penalties*) [emphasis added], the Secretary shall notify the employer by certified mail of such failure and of the penalty proposed to be assessed * * *. .

29 U.S.C. § 659(b).

In *Secretary v. Kesler, supra,* the case relied on by the Commission in its ruling in the instant case, the Commission reasoned that since a citation does not become a final order until 15 working days have elapsed, *see* 29 U.S.C. § 659(a), abatement cannot be required until the termination of that period and that earlier enforced abatement would deprive an employer of the full 15 working days which the Act allows him to decide whether or not to contest the citation. The Commission further noted that since 29 U.S.C. § 659(b) provides for suspension of abatement where a notice of contest is filed, a rule allowing earlier abatement would result in the filing of notices of contest for purposes of postponing abatement and would thus clutter the Commission's docket and impede the administration of the Act. Finally, the Commission stated that abatement of violations warranting immediate correction could be had by injunctive relief in district court pursuant to 29 U.S.C. § 662.

The Commission's ruling in *Secretary v. Kesler, supra,* was reversed by the Tenth Circuit Court of Appeals in *Brennan v. Occupational Safety and Health Commission, supra,* on the same grounds as asserted by the Secretary in the instant petition. The court found that since the purpose of OSHA is to assure employees safe working conditions, no delay in abatement of cited violations is authorized where not expressly provided for in the Act. As implicit support for its conclusion, the court noted that 29 U.S.C. § 659(b) provides for suspension of abatement upon the filing of a timely notice of contest to a citation, but the Act provides for no such suspension in

the absence of such a challenge. The Commission's other arguments in support of its holding in *Secretary v. Kesler, supra,* were found similarly unpersuasive by the court.

We conclude that the construction of OSHA urged upon us by the Secretary of Labor and adopted by the court in *Brennan, supra,* is the proper one. Under the circumstances we deem the Commission's interpretation of the statute erroneous.[3] Therefore, we hold that abatement may be required and reinspection made prior to the expiration of the 15 working day period, during which a cited employer may contest his citation.

Accordingly, the Commission's order is set aside, and the cause is remanded to the Commission for further proceedings not inconsistent with the views herein expressed.

---

**3.** *Brennan v. Occupational Safety and Health Review Commission,* 513 F.2d 713 (8th Cir. 1975), does not require a contrary result. In that case the court approved the Commission's construction of an ambiguous administrative regulation as being a reasonable one. *See* *Brennan v. Occupational Safety and Health Review Commission and J. W. Bounds,* 488 F.2d 337 (5th Cir. 1973); *cf. Brennan v. Southern Contractors Service,* 492 F.2d 498 (5th Cir. 1974).