Ralph **WALTMAN**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

No. 84–1649 Civ–T–10.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 14, 1985.

William Kalish and Edward C. LaRose, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., for plaintiff.

Alice J. Davis, Trial Atty., Tax Div., Office of Special Litigation, Dept. of Justice, Washington, D.C., for defendant.

## ORDER

HODGES, Chief Judge.

The parties have filed cross-motions for partial summary judgment. This is a civil action for a refund of $5,400.00 the Plaintiff has paid on a $36,000.00 penalty as-

sessed against him by the Internal Revenue Service pursuant to Title 26, U.S.C. § 6700.

The issue before the Court is one of statutory construction. Section 6700 provides, in pertinent part:

> Any person who organizes ... or participates in *the sale* of any interest in an entity or plan or arrangement ... and ... makes or furnishes (in connection with *such organization or sale*) ... a gross valuation overstatement as to any material matter, shall pay a *penalty equal* to the greater of $1,000 or 10 percent of the gross income derived or to be derived by such person from *such activity.* (Emphasis added.)[1]

The Plaintiff asserts that since the gross income, as determined by the IRS, derived by him in connection with this investment scheme was $31,125.00, the maximum penalty which could be assessed against him is $3,112.50 (10% of $31,125.00).[2] The Defendant claims that the Plaintiff's motion is incorrect for two reasons. First, the Defendant claims that the Plaintiff's figure of $31,125.00 is incorrect. Second, the Defendant claims that Section 6700 should be construed as allowing the penalty provision to be applicable to each individual sale of an interest in the tax shelter rather than being applicable only against the total income derived from the cumulative tax shelter activities.[3]

When construing a statute, the plain meaning of the words is to be used. *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1981). "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded

---

1. This code section was revised by the Tax Reform Act of 1984 and the percentage penalty was increased from 10% to 20%.

2. The figure of $31,125.00 represents the amount the government, in response to the Plaintiff's interrogatories, stated as the total commission received by the Plaintiff. (Exhibit A attached to the Plaintiff's motion).

3. The IRS initially assessed a penalty of $36,000.00 against the Plaintiff on the basis of thirty-six (36) investors being involved in the scheme. ($1,000.00 × 36 "sales" transactions = $36,000.00). However, the United States now concedes that the penalty should be no more than $30,000.00. ($1,000.00 × 30 "sales" transactions = $30,000.00).

as conclusive." *Id.* at 571, 102 S.Ct. at 3250 (citations omitted).

 The penalty provision of Section 6700 provides for a maximum penalty of the greater of $1,000.00 or 10% of the gross income derived from such "activity." The prohibited "activity" is the sale of an "interest" in a tax shelter. In this case, the Plaintiff is alleged to have sold thirty (30) prohibited "interests" to investors in a fraudulent tax shelter. Therefore, under the plain meaning of the statute, the Plaintiff could be assessed the greater of $1,000.00 or 10% of gross income derived from each "sale" of the prohibited interests.

Accordingly, the Plaintiff's motion for partial summary judgment is DENIED and the Defendant's motion for partial summary judgment is GRANTED.[4]

IT IS SO ORDERED.

---

4. The issue raised by the Government of whether it has "admitted" the gross income derived by the Plaintiff need not be reached at this time.