**Davis JOHNSON, John Cooper, and Donald Washington, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 86–CV–71749–DT.**

United States District Court, E.D. Michigan, S.D.

Jan. 14, 1988.

Fred A. Foley, Troy, Mich., for plaintiffs.

James E. Carroll, U.S. Dept. of Justice, Office of Special Litigation, Washington, D.C., for defendant.

**ORDER GRANTING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

HACKETT, District Judge.

In this lawsuit, plaintiffs are seeking relief from a penalty imposed by the Internal Revenue Service for allegedly promoting an abusive tax shelter. Plaintiff Cooper has moved for summary judgment on the issue of the appropriate amount of the penalty imposed and defendant has filed a cross-motion. Cooper is the sole moving plaintiff because his case is the only one that involves no issue of material fact and the remaining claims have been stayed pending resolution of one legal issue—the proper statutory construction of the penalty provision of the Internal Revenue Code of 1954, 26 U.S.C. § 6700 (1982), *amended by* 26 U.S.C. § 6700 (Supp. III 1985). The stipulated facts, not in dispute for the purpose of this motion, are as follows.

During 1983, Cooper promoted the sale of energy saving units and sold four interests to four separate investors. The energy saving units were devices which automatically controlled a building's energy uses such as lighting, heating, cooling and ventilation. In connection with the sale of the energy saving units, Cooper furnished each of the four investors with a gross valuation overstatement in which the claimed value of the energy saving units exceeded its correct value by more than 200%. The value overstatement was created for the purpose of inflating the tax benefits that would flow to the investor/purchasers and thereby created an abusive tax shelter within the meaning of Section 6700 of the Internal Revenue Code. In 1985, Cooper was assessed a four thousand dollar ($4,000.00) penalty by the Internal Revenue Service, computed at one thousand dollars ($1,000.00) per sale.

The legal question presented by these motions is whether the method of calculating the penalties assessed is appropriate; specifically, does Section 6700 provide for a one thousand dollar ($1,000.00) penalty per sale or is the one thousand dollar ($1,000.00) penalty a minimum that would be applicable only when the 10% method would yield a penalty under one thousand dollars ($1,000.00). The penalty provision, Section 6700 states in pertinent part:

Imposition of penalty—

Any person who organizes (or assists in the organization of) ... or participates in the sale of any interest in an entity or plan or arrangement ... and ... makes or furnishes ... a gross valuation overstatement as to any material matter, shall pay a penalty equal to the greater of $1,000.00 or 10 percent of the gross income derived or to be derived by such person from such activity.

The Internal Revenue Service contends that the statutory language is clear and unambiguous. "Such activity" refers to "organization (or assists in the organization of ... or participates in the sale of any interest." Since there were four sales, four penalties of one thousand dollars ($1,000.00) can be imposed. Cooper argues that "such activity" could be interpreted as referring to organizational or sales activity and since Cooper was only involved in sales, only one activity should be penalized. Alternatively, the language "such activity" modifies the 10 percent method of penalty assessment, is in the disjunctive and does not modify the one thousand dollar ($1,000.00) penalty. The penalty provision should be read as allowing two alternative penalties—1) one thousand dollars ($1,000.00) or, 2) 10 percent of the gross income derived or to be derived from such activity. Cooper submits that the sentence should be severed at the disjunctive for purposes of construing each phrase apart from anything contained in the other.

The sole issue before the court is whether the one thousand dollar ($1,000.00) penalty should be considered a flat minimum penalty assessed without regard to the number of interests sold or a penalty assessment multiplied by the number of sales. When construing the import of a statute's language, the courts are generally guided by an examination of legislative history and pertinent case law. Unfortunately, in this dispute there is very little legislative history on this provision and none that defines "such activity" as used in Section 6700. To add to the problem, there are only a few cases on point and they are equally divided.

In the one reported decision that has addressed the Section 6700 provision— *Waltman v. United States*, 618 F.Supp. 718 (M.D.Fla.1985)—the court agreed with the Internal Revenue Service's interpretation. The opinion is based on little more than a reading of the statute without an examination of legislative history. The *Waltman* court felt that the statute was "expressed in reasonably plain terms" that should "be regarded as conclusive." *Id.* at 719 quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1981).

On the other hand, in an unreported decision, *Ostrow v. United States*, No. 85–470–CIV–T–17 (M.D. Fla 1985) [Available on WESTLAW, 1985 WL 5961], the court held for the taxpayer on the precise issue now

before this court. The court specifically stated that "the amount of the penalty imposed under Section 6700 is the greater of a two-prong test. The first prong is a minimum amount of $1,000.00. If the promoter derives, or is expected to derive, more than the nominal amount of $5,000.00, then the second prong (the 20 percent test)[1] applies." *Id.* at 22. The opinion went on to state that the "Court can find no legal authority supporting the [Internal Revenue Service's] broad reading of Section 6700." *Id.* at 23.

Examination of the case law offered by both parties fails to give any clear guidance to this court and the scant legislative history is concededly inconclusive. To add to the difficulty in addressing this controversy are the eloquently persuasive briefs submitted by the opposing counsels. However, there is one argument that aids in disposition of the present motions.

Defendant contends that the statutory interpretation given the penalty provision was reasonable. The reasonableness of the interpretation is supported by the fact that the *Waltman* court accepted the Internal Revenue Service's interpretation. This court is also persuaded that a per sale penalty assessment could be considered a reasonable interpretation of the penalty language. The court is also cognizant that decisions made by the Internal Revenue Service are entitled to deference because Congress has delegated the administration of the tax laws to that agency. *Commissioner v. Portland Cement Co. of Utah,* 450 U.S. 156, 101 S.Ct. 1037, 67 L.Ed.2d 140 (1981) quoting *United States v. Cartwright,* 411 U.S. 546, 93 S.Ct. 1713, 36 L.Ed.2d 528 (1973).

As stated by the 10th Circuit Court of Appeals, the "interpretation given a statute by the administrative agency charged with carrying out the mandate of the statute should be given great weight. Indeed, the interpretation ... should be accepted by the courts, if such interpretation be a reasonable one." *Brennan v. Occupational Safety and Health Commission,* 513 F.2d 553, 554 (10th Cir.1975). Indeed, "[e]ven if

[the court's] views with regard to interpretation differ from those of the administrative agency [the court] would not be authorized to substitute [its] views if it could be said that the administrative interpretation was a reasonable one." *Jno. McCall Coal Co. v. United States,* 374 F.2d 689, 697 (4th Cir.1967) citing *Udall v. Tallman,* 380 U.S. 1, 4, 85 S.Ct. 792, 795, 13 L.Ed.2d 616 (1965).

It is the conclusion of this court that the interpretation of Section 6700 advanced by the Internal Revenue Service and accepted in *Waltman* is a reasonable one. As such, the interpretation is entitled to and granted the deference it deserves. The court adopts the interpretation advanced by the Internal Revenue Service that the one thousand dollar ($1,000.00) penalty may be properly assessed per sale. Therefore,

IT IS ORDERED that defendant's cross-motion for summary judgment is granted.

Further, IT IS ORDERED that plaintiffs' cross-motion for summary judgment is denied.

---

1. The 20% penalty is a recent change not applicable in the instant suit.