875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John COOPER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 88-1602.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1989.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and ANN ALDRICH, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant John Cooper appeals from an order certified pursuant to Rule 54(b) of the Federal Rules of Civil Procedure wherein the district court granted summary judgment for the United States and dismissed Cooper's complaint in this civil action seeking a refund of monies paid on a $4,000 penalty assessed against Cooper by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. Sec. 6700 (Supp.1989). For the reasons that follow, this appeal is dismissed for lack of jurisdiction.
 
 I.
 
 2
 The facts relevant to this appeal are undisputed. During 1983, Cooper participated in the sale of four units of a tax shelter known as the "O.E.C. Leasing Corporation Program." This program involved the leasing of energy control systems by O.E.C. Leasing Corporation ("O.E.C.") to prospective investors. The energy saving units were devices which automatically controlled a building's energy uses such as lighting, heating, cooling, and ventilation. In accordance with the leasing transaction, O.E.C. elected to "pass-through" the investment tax credit to the investor-lessee using a basis purportedly determined by the fair-market value of the energy equipment. The investor-lessee would then deduct the prepaid rent and claim the tax credit on the tax returns in the year the lease was signed and the payments were made.
 
 
 3
 Cooper was an O.E.C. representative in the Detroit, Michigan, area. He was a sub-salesman for a larger Detroit-based sales force headed by others. The IRS has determined, and Cooper admits, that the energy control systems equipment leased by O.E.C. to prospective investors was overvalued by more than 200 percent, and that he made gross valuation overstatements in connection with his activities described above. Accordingly, he does not dispute that his activities involved an abusive tax shelter within the meaning of 26 U.S.C. Sec. 6700.
 
 
 4
 Cooper sold four units of the energy saving devices during 1983. He received a commission in the amount of $1,200 from the sale of each of the separate interests he sold, for a total income of $4,800 from those four sales.
 
 
 5
 On or about November 23, 1985, Cooper was assessed a penalty in the amount of $3,000 pursuant to section 6700 for selling three interests in the abusive tax shelter. Subsequently, he was assessed an additional penalty in the amount of $1,000 for selling another interest in an abusive tax shelter.
 
 
 6
 Cooper paid $450 to the IRS as a partial payment on the first penalty assessed against him. He also filed a claim for refund with the IRS requesting a refund of the $450 previously paid and requesting an abatement of the remainder of the penalty assessed against him. See 26 U.S.C. Sec. 6703 (Supp.1989) (setting forth the procedure for seeking a refund of a penalty). Cooper's claim for refund was denied by the IRS on May 6, 1986.
 
 
 7
 On June 3, 1986, Cooper, along with Davis Johnson and Donald Washington, who had also been assessed penalties pursuant to section 6700, filed this action for refund of the amounts paid to the IRS and for an abatement of the remainder of the penalties assessed against them. The case was later consolidated with one filed by Willie Ivory, who also had been assessed with penalties under section 6700.
 
 
 8
 Cooper filed a motion for summary judgment in which he admitted liability for the penalties but contested the method used by the IRS in calculating the penalty amounts. The United States filed a cross-motion for summary judgment, asserting that the method of calculation used by the IRS was proper.
 
 
 9
 On January 15, 1988, the district court entered an order granting the government's cross-motion for summary judgment and denying Cooper's motion for summary judgment. Johnson v. United States, 677 F.Supp. 529 (E.D.Mich.1988). The district court concluded that an interpretation of law by the agency charged with the administration of that law is entitled to deference by the courts, that the IRS' interpretation of section 6700 was reasonable, and, therefore, the government's interpretation would be applied. Id. at 530-31.
 
 
 10
 Upon motion by the government, the district court purported to enter a final judgment as to Cooper and certify it for immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on May 27, 1988. Cooper filed a timely notice of appeal on June 6, 1988.
 
 II.
 
 11
 Although the district court purported to certify this appeal of the summary judgment entered in favor of the defendant pursuant to Rule 54(b), the district court merely "parroted" the language of Rule 54(b) without providing its rationale in determining that certification was appropriate. See Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir.1975) (summarizing some of the relevant factors in considering Rule 54(b) certification). It is a clear rule in this circuit that we are without jurisdiction to consider an appeal if the district court's certification is defective in that the reasons for certification are not articulated. Knafel v. Pepsi-Cola Bottlers, 850 F.2d 1155, 1159-60 (6th Cir.1988); Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1282 (6th Cir.1986) ("[I]f the district court's certification was improper, we are without jurisdiction to consider the merits of this appeal."); Coalition for Equitable Minority Participation in Architectural Contracts in Tennessee v. Metropolitan Gov't of Nashville, 786 F.2d 227, 231 (6th Cir.1986); Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 62 (6th Cir.1986) ("In light of the district court's failure to provide reasons for the 54(b) certification ... we conclude that due to a lack of finality we are without jurisdiction."). Thus, we lack jurisdiction to entertain this appeal. The certified order and notice of appeal are nullities, see Knafel, 850 F.2d at 1160, and our lack of jurisdiction cannot be cured by a belated certification setting forth the district court's reasoning. Oak Constr. Co. v. Huron Cement Co., 475 F.2d 1220, 1221 (6th Cir.1973) (per curiam).
 
 
 12
 Since we are without jurisdiction, we are not empowered to independently consider the propriety of certification. "Our jurisdiction attaches, if at all, when notice of appeal is filed in the district court. If all the jurisdictional prerequisites have not been satisfied at that point, we have no choice but to dismiss the action...." Oak Constr. Co., 475 F.2d at 1221 (citation omitted). Moreover, we are of the view that any discussion of whether this case represents a good candidate for certification would constitute an improper advisory opinion. Whether or not an order is certifiable under Rule 54(b) is to be first considered by the district court free of this court's speculation. See Solomon, 782 F.2d at 61 ("If no reasons [are] given then we cannot tell if there has been an abuse of discretion. Our judgment as to the propriety of certification will be speculative....").
 
 III.
 
 13
 Accordingly, for the reasons stated, this appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation