**Crawford A. WYATT and Maxine Wyatt**

v.

**The FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION.**

No. B–C–87–92.

United States District Court, E.D. Arkansas, N.D.

March 31, 1988.

John Norman Harkey, Batesville, Ark., for plaintiffs.

Kathleen V. Gunning, Washington, D.C., for defendant.

## SUMMARY JUDGMENT

EISELE, Chief Judge.

Pending before the Court is defendant's motion for summary judgment. For the reasons stated below, the motion will be granted.

The facts of this unfortunate case are quite simple. Plaintiffs, Mr. and Mrs. Wyatt, had a number of accounts at First South Bank when the Federal Home Loan Bank Board determined, on December 4, 1986, to appoint the Federal Savings and Loan Insurance Corporation (FSLIC–Receiver) as receiver for First South for the purpose of orderly liquidation. At that time the Bank Board also directed the Federal Savings and Loan Insurance Corporation, in its corporate capacity (FSLIC–Corporate), to make payment on each insured account at First South.

FSLIC–Corporate, in accordance with its Insurance Regulations, codified at 12 CFR 564 et seq., determined the eligibility for insurance of the eighteen different accounts held by the Wyatts. Among other things, the FSLIC determined that three of the Wyatts' accounts were "testamentary" as defined at 12 CFR 546.4(a), which states:

> Funds owned by an individual and invested in a revocable trust account, tentative ot "Totten" trust account, payable-on-death account or similar account evidencing an intention that on his death the funds shall belong to his spouse, child or grandchild, shall be insured up to $100,000 in the aggregate as to each such named beneficiary, separately from any other accounts of the owner.

These three accounts included "074", held by Crawford Wyatt, payable-on-death to Maxine Wyatt ($100,094.44); and "048" and "117", each held by Crawford Wyatt or Maxine Wyatt, Co–Trustee for Crawford Wyatt or Maxine Wyatt ($60,047.67 and $40,051.83). As a result of this determination, plaintiffs were informed that $50,144.18 of the $200,193.94 in the three accounts was uninsured. Plaintiffs request-

ed that FSLIC reconsider this determination. FSLIC denied the Wyatts' petition for reconsideration and reaffirmed the initial decision. The Wyatts now seek judicial review thereof.

Defendant has moved for summary judgment on the ground that under the Administrative Procedure Act, 5 U.S.C. §§ 551 and 701 *et seq.*, the Court must affirm an agency's decision if, after a review of the administrative record compiled by the Agency, the Court finds that the agency did not act arbitrarily or capriciously, abuse its discretion or otherwise act not in accordance with the law.

Defendant, of course, is correct in stating the appropriate limited standard of judicial review available in cases such as the one at bar. 5 U.S.C. § 706(2)(A).

Plaintiffs argue first that the accounts 048 and 117 are not testamentary trusts and so should not be aggregated in accordance with 564.4(a). Next they argue that even if 564.4(a) should control the insurance of these accounts, the language in the last two clauses of the regulation are contradictory, making the regulation ambiguous. They contend that the wording "separately from any other accounts of the owner" is key and controlling, and requires the interpretation that "each testamentary account is insured separately from any other accounts of the owner." (Memorandum in Support of Plaintiffs' Response to Motion to Dismiss or for Summary Judgment, p. 5). Plaintiffs conclude, then, that defendant has ignored its own regulations by aggregating the three accounts as it did, and made a decision clearly not in accordance with the law.

With respect to plaintiffs' first argument, it is noted that plaintiffs signed a document entitled Affidavit of Testamentary Account for accounts 048 and 117, which stated, *inter alia*, that it was made to induce FSLIC to pay insurance coverage on the accounts to the extent it applied. 12 CFR 564.4(a) covers all funds invested in an "... account evidencing an intention that on [the grantor's] death the funds shall belong to his spouse ...". Plaintiffs have not argued that this Affidavit is not

valid for any reason. The Affidavit, calling the accounts "testamentary", certainly evidences the requisite intent.

■■■ Regarding plaintiffs' second argument, FSLIC apparently reads the first clause in question in 12 CFR 564.4(a) to require that the holder of the account be insured up to $100,000 for the total aggregated *testamentary* benefit accruing to each spouse, child, or grandchild, regardless of how many testamentary accounts the grantor holds. It reads the second clause to mean that this aggregation will apply only to testamentary accounts, not other, *non-testamentary* accounts. Thus defendant looked at account 074, and determined that it was owned by Mr. Wyatt for the benefit of Mrs. Wyatt. Next it looked at account 048, determined, based on an Affidavit for Testamentary Account signed by the Wyatts on December 15, 1986 (Admin.Record 10(c)(v)), that Mr. Wyatt contributed half of the funds therein and Mrs. Wyatt contributed the other half, each in trust for the other. Finally, defendant made the same determination for the remaining account, 117. It then aggregated the amounts owned by Mr. Wyatt in testamentary trust for Mrs. Wyatt, i.e. the entire amount of account 074 (100,094.44), and half of each of the other two accounts ($30,023.85 and $20,025.91, respectively), and did the same for the amounts contributed by Mrs. Wyatt in testamentary trust for Mr. Wyatt ($30,023.83 and $20,025.91, respectively). The total value of the accounts owned by Mr. Wyatt for Mrs. Wyatt's benefit was $150,144.18. Following its interpretation of its regulation at 12 CFR 564.4(a), the aggregated value of all the testamentary accounts held by Mr. Wyatt for Mrs. Wyatt's benefit was insured up to $100,000. Mr. Wyatt's holdings were uninsured in the amount of $50,144.18. Mrs. Wyatt's holdings for Mr. Wyatt's benefit were insured up to their total aggregate value of $50,049.74.

Under the Administrative Procedure Act, an agency's interpretation of its own rules and regulations must be upheld by a reviewing Court as long as the interpretation is one of several reasonable interpretations, no matter that it may not be the preferred interpretation. *Roy Bryant Battle Co. v. U.S.*, 463 F.2d 418 (5th Cir.1972). In addition, the Supreme Court has held that, in construing administrative regulations, the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulations. *U.S. v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150, 2155, 53 L.Ed.2d 48 (1977).

This Court cannot say that the FSLIC's reading of 564.4(a) is not a reasonable one; it is, on its face, a reasonable reading. Whether it is the best interpretation, or even whether it is a good regulation, is obviously not within this Court's power to determine in this litigation. And even assuming, *arguendo*, plaintiffs to be correct in stating that the language of the regulation is internally inconsistent, nevertheless the law is clear on the point that where the agency's interpretation is not plainly erroneous, ambiguity must be resolved in the agency's favor. Again, here FSLIC's reading of 12 CFR 564.4(a) cannot be said to be clearly erroneous.

It is therefore ORDERED that defendant's motion for summary judgment be, and it is hereby, granted.