**SECRETARY OF LABOR, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,**

and

**Wagner Construction Co., Inc., Respondents.**

**No. 90–70086.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1992.

Decided Dec. 4, 1992.

Robert P. Davis, Cynthia L. Attwood, Ann Rosenthal, Laura V. Fargas, U.S. Dept. of Labor, Washington, D.C., for petitioner.

Before: FEINBERG,* GOODWIN and SCHROEDER, Circuit Judges.

FEINBERG, Circuit Judge:

In this unusual case, the Secretary of Labor petitions for review of a final order of the Occupational Safety and Health Review Commission interpreting 29 C.F.R. § 1926.152(c)(3) (the Regulation) to apply only when the flammable or combustible liquids to which it relates are stored in proximity to a building. In this unopposed petition, the Secretary argues that the Regulation, which is reproduced in the margin,[1]

---

* Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

1. Section 1926.152(c)(3) reads in full:
   **§ 1926.152 Flammable and combustible liquids.**
       \*    \*    \*    \*    \*    \*
     (c) *Storage outside buildings.*
       \*    \*    \*    \*    \*
      (3) The storage area shall be graded in a manner to divert possible spills away from

buildings or other exposures, or shall be surrounded by a curb or earth dike at least 12 inches high. When curbs or dikes are used, provisions shall be made for draining off accumulations of ground or rain water, or spills of flammable or combustible liquids. Drains shall terminate at a safe location and shall be accessible to operation under fire conditions.

is not so limited. Because we believe the Secretary's interpretation of the Regulation is reasonable, we reverse the Commission's order.

## I.

At the time the disputed citation was issued, Wagner Construction Co., Inc. (Wagner) was engaged in excavating a tunnel for the planned Los Angeles Metro Rail System. In the equipment yard at one excavation site, Wagner kept a 550–gallon diesel tank, which it used to fuel its trucks and equipment. Following an inspection by a compliance officer of the Occupational Safety and Health Administration, a citation issued, charging among other things that Wagner had violated the Regulation by failing to properly slope or enclose the area around the tank.

The Secretary characterized the violation as serious under 29 U.S.C. § 666(k) because Wagner knew or should have known of the violations, and if an accident happened it would pose a threat of death or serious physical harm to Wagner's employees. The Secretary proposed a penalty of $210.

After a hearing, the administrative law judge (ALJ) vacated—on a ground not urged by Wagner—that item of the citation based on the Regulation. The ALJ reasoned that the Regulation applied "only to the *storage* of flammable and combustible liquids *outside buildings,* not to storage and dispensing on an outdoor construction site without buildings." The ALJ found that "because the record does not establish that the diesel tank was stored outside of any building, the Secretary has failed to carry her burden of proving that the Regulation was applicable to the conditions at the time of the inspection."

Following this determination, the ALJ nonetheless went on to "credit[ ]" the compliance officer's opinion "that a diesel spill could travel eastward into a heavily trafficked area and expose employees in the area to a fire hazard." Commendably, the ALJ made this finding in order to "obviate ... the need for a remand should the Commission or a reviewing court determine

that the standard at issue was applicable to the existing conditions."

The Secretary filed for discretionary review of the ALJ's decision by the full Commission, but at that time the Commission had no members. As a result, the ALJ's decision formally became a final order of the Commission by operation of law on December 15, 1989. 29 U.S.C. § 661(j). The Secretary petitioned for review by this Court pursuant to 29 U.S.C. § 660(b).

## II.

This case is unusual for a number of reasons. The ALJ based his decision on a ground not urged by Wagner. Wagner, the party directly affected by the citation, has chosen not to appear in opposition to the Secretary's petition, and the ALJ's interpretation of the Regulation was never reviewed by the Commission, for the reason already stated. Indeed, the Secretary stated at oral argument that had the Commission reviewed the ALJ, it would have reversed him. We, of course, have no way of knowing that, and were the question closer, we might be tempted to search for a way of ascertaining the Commission's views. But for the reasons given below, we believe that the correct result is so clear that we should simply go ahead and decide the case on the merits.

As a substantive matter, the Regulation requires that the ground around a tank filled with a flammable or combustible liquid be graded to allow any spill to drain away from "buildings or other exposures" or that a "curb or earth dike" be constructed around such a tank to contain any spill that might occur. Although nothing in the language of subparagraph (c)(3) itself limits its protective measures to liquids stored near buildings, paragraph (c) is entitled "Storage outside buildings." *See supra* note 1. The ALJ apparently interpreted this title to require the dangerous liquid to be stored next to or near a building before the Regulation applied.

The Secretary argues that the Regulation applies whether or not the flammable or combustible liquid is stored near a building. The Secretary makes a number of

arguments to support her interpretation. The Secretary observes, for example, that the language of subparagraph (c)(3) itself makes no mention of the ALJ's proximity-to-buildings limitation. On the contrary, the Regulation provides that "[t]he storage area shall be graded in a manner to divert possible spills away from buildings *or other exposures*." (emphasis added). Because the ALJ's construction would limit the Regulation to areas with buildings nearby, it would render meaningless the explicit reference "to other exposures" when no building was nearby.

Moreover, citing among other cases *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528–29, 67 S.Ct. 1387, 1392, 91 L.Ed. 1646 (1947), *United States v. Union Oil Co. of California*, 343 F.2d 29, 32 (9th Cir.1965), and *Pike v. United States*, 340 F.2d 487, 489 (9th Cir.1965), the Secretary suggests that a "longstanding" canon of statutory construction disapproves reading the title of a regulation to limit the plain language of the regulation itself, as the ALJ apparently did here. The Secretary further points out that the Commission has also relied upon this interpretive convention. *See, e.g., Chesapeake Operating Co.*, 10 O.S.H.Cas. (BNA) 1790, 1793 (1982); *Wray Elec. Contracting, Inc.*, 6 O.S.H.Cas. (BNA) 1981, 1984 (1978).

The Secretary observes that the ALJ's construction would effectively remove the Regulation's protection from an identified class of workers, *i.e.*, those exposed to the danger of unsafe storage of flammable and combustible liquids at work sites with no nearby buildings. The Secretary emphasizes that this gap appears inconsistent with the structure of § 1926.152. That is, the paragraph immediately preceding paragraph (c) is entitled *"Indoor* storage of flammable and combustible liquids," whereas paragraph (c) is entitled "Storage *outside* buildings." Together, these two provisions suggest a more comprehensive coverage than the ALJ's construction would allow. Moreover, to leave this gap unfilled, claims the Secretary, would be inconsistent with Congress' goal in enacting OSHA to "assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b).

In *Martin v. Occupational Safety & Health Review Comm'n*, — U.S. —, —–—, 111 S.Ct. 1171, 1179–80, 113 L.Ed.2d 117 (1991), the Supreme Court held that "a reviewing court may not prefer the reasonable interpretations of the Commission to the reasonable interpretations of the Secretary." The Court emphasized that when the respective interpretations of the Secretary and the Commission are in conflict, the "reviewing court should defer to the Secretary," so long as the Secretary's interpretation is reasonable. *Martin* disapproved this Circuit's prior practice of deferring to the Commission in cases of conflict. *See Brock v. Bechtel Power Corp.*, 803 F.2d 999, 1000 (9th Cir.1986).

We believe the Secretary's interpretation is reasonable. Accordingly, even if we assume that the ALJ's (and so the Commission's) interpretation is also reasonable, *Martin* requires that we grant the petition for review, reverse the Commission's order and reinstate and enforce the citation and proposed penalty.

REVERSED.